**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

NATIONAL STUDENT LEGAL DEFENSE
NETWORK,

    1015 15th St NW, Suite 600
    Washington, D.C. 20005

        Plaintiff,

    v.

UNITED STATES DEPARTMENT
OF VETERANS AFFAIRS,

    810 Vermont Avenue, NW
    Washington, D.C. 20420

        Defendant.

Civil Action No. 18-1827

## COMPLAINT

1.    Plaintiff National Student Legal Defense Network ("NSLDN") brings this action against the United States Department of Veterans Affairs ("VA") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3.    Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because Plaintiff NSLDN resides in and has its principal place of business in this District.

## PARTIES

4.      NSLDN is a nonpartisan, non-profit organization incorporated in the District of Columbia. NSLDN's mission is to work, through a variety of means, to advance students' rights to educational opportunity and to ensure that higher education provides a launching point for economic mobility.  To further its mission, NSLDN gathers information, including through responses to FOIA requests submitted to government agencies, in order to inform the public via, *inter alia*, its website, social media, press releases and other comments to the media, and regulatory comments to government agencies.

5.      NSLDN has its principal place of business at 1015 15th Street NW, Suite 600, Washington, D.C., 20005, which is located within this District.

6.      Defendant VA is a department of the executive branch of the United States government headquartered in Washington, D.C., and an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1).  The VA is established by 38 U.S.C. § 301, *et seq*.  The VA has possession, custody, and control of the records that NSLDN seeks to obtain and which VA is unlawfully failing to disclose.

## STATEMENT OF FACTS

*The Statutory and Regulatory Framework*

7.      The VA provides education benefits to eligible servicemembers, veterans, and certain dependents and survivors, who may receive financial support for, among other things, undergraduate and graduate degrees, vocational and technical training, licensing and certification tests, apprenticeships, and on-the-job training. In FY2017, the VA is "estimated to distribute over $14 billion in GI Bill benefits to over 1 million eligible participants." The Role of State Approving Agencies in the Administration of GI Bill Benefits (CRS Report No. R44728) (Dec. 29, 2016) at 1,

https://www.everycrsreport.com/files/20161229_R44728_5b5b2eaf2b95d9931c66c6ef99a253c6
3ec7e2a9.pdf.

8.      Under federal law, the VA "shall not approve the enrollment of an eligible veteran or

eligible person in any course offered by an institution which utilizes advertising, sales, or

enrollment practices of any type which are erroneous, deceptive, or misleading either by actual

statement, omission, or intimation." 38 U.S.C. § 3696(a).

9.      To ensure compliance with 38 U.S.C. § 3696(a), "any institution offering courses

approved for the enrollment of eligible persons or veterans shall maintain a complete record of all

advertising, sales, or enrollment materials (and copies thereof) utilized by or on behalf of the

institution during the preceding 12-month period." 38 U.S.C. § 3696(b). Furthermore, the Secretary

of the VA is required to "enter into an agreement with the Federal Trade Commission to utilize,

where appropriate, its services and facilities, consistent with its available resources in carrying out

investigations and making the Secretary's determinations" relating to the enrollment of veterans or

eligible persons in courses that would violate 38 U.S.C. § 3696(a).  38 U.S.C. § 3696(c). The

agreement "shall provide that cases arising under [38 U.S.C. § 3696(a)] or any similar matters with

respect to any of the requirements of this chapter or chapters 34 and 35 of this title shall be referred

to the Federal Trade Commission which in its discretion will conduct an investigation and make

preliminary findings. The findings and results of any such investigations shall be referred to the

Secretary who shall take appropriate action in such cases within ninety days after such referral." *Id.*

10.     The VA's regulations provide that the VA will not approve veteran enrollment or

payment of educational assistance to a veteran if an educational institution engages in "advertising,

sales, enrollment practices, or candidate handbooks that are erroneous, deceptive, or misleading by

actual statement, omission, or intimation." 38 C.F.R. § 21.4252(h). Where appropriate the VA may use the "services and facilities" of Federal Trade Commission to conduct investigations. *Id.*

11.     Robert Wilkie, President Trump's nominee for Secretary of the VA, recently highlighted the importance of protecting veterans from aggressive recruitment tactics in written responses to questions from Senator Patty Murray, noting that "under the present structure, some institutions may be marketing to Veterans because the Federal education benefits they receive are treated the same way as private funds in the 90/10 calculation … I believe institutions should not aggressively recruit Veterans principally because of financial motives." *See* Michael Stratford, *First Look – VA Secretary Nominee Questions '90/10 Rule,' Backs Public Service Loan Forgiveness*, Politico (July 12, 2018), https://www.politico.com/newsletters/morning-education/2018/07/12/cfpb-says-education-is-obstructing-access-to-navient-records-277104.

***NSLDN's FOIA Request***

12.     On March 6, 2018, NSLDN submitted a FOIA request to the VA for information related to the agreement with the Federal Trade Commission and steps taken by the VA. A true and correct copy of that request (hereinafter the "FOIA Submission") is attached as Exhibit 1.  The FOIA Submission sought:

   a.   "A complete copy of the 'agreement' with the Federal Trade Commission as described in 38 U.S.C. § 3696(c)." (hereinafter "Request 1");

   b.   "A copy of any 'preliminary findings' made by the Federal Trade Commission pursuant to the 'agreement' entered into under 38 U.S.C. 3696(c)." (hereinafter "Request 2"); *and*

   c.   "A copy of any document constituting or reflecting a determination made by the VA and/or the Secretary of the Department that any institution 'utilizes advertising, sales,

or enrollment practices of any type which are erroneous, deceptive, or misleading either by actual statement, omission, or intimation.' See 38 U.S.C. § 3696(a)." (hereinafter "Request 3").

13.　　On March 20, 2018, having received no acknowledgment from the VA, NSLDN resent the FOIA request to vacofoiaservice@va.gov and also provided a copy of the request to foia.vbaco@va.gov. A true and correct copy of this transmission is attached as Exhibit 2.

14.　　Later that day NSLDN received an email from the VACO FOIA Service Office acknowledging receipt of NSLDN's FOIA request and redirecting them to VAVBAWAS/CO/FOIA. Unclear whether VA was requiring resubmission of the FOIA to the alternate office, NSLDN, "[o]ut of an abundance of caution" sent the FOIA request again to the VAVBAWAS/CO/FOIA office. A true and correct copy of those communications are attached as Exhibit 3.

15.　　On April 4, 2018, after the statutory timeframe for the VA to respond to the FOIA Submission had passed and having received no additional correspondence from the VA, NSLDN again emailed the VA recounting the history relating to the FOIA Submission and requesting a confirmation of receipt.  A true and correct copy of that email is attached as Exhibit 4.

16.　　On April 11, 2018, NSLDN, still not having received a reply from the VA, sent an additional email to the VA recounting the history relating to the FOIA Submission and requesting a confirmation of receipt. A true and correct copy of that email is attached as Exhibit 5.

17.　　On April 12, 2018, the VA acknowledged its receipt of the FOIA Submission in an email, stating that the delayed response was because the FOIA Submission had to be "submitted to multiple VA office(s) to determine the referring office." A true and correct copy of that email acknowledgment is attached as Exhibit 6. The email also attached a letter dated April 11, 2018

which stated that the VA had "referred" the FOIA Submission to the Veterans Benefit

Administration and assigning it tracking number 18-05542-F. A true and correct copy of that letter

is attached as Exhibit 7.

18.     On April 17, 2018, the VA sent an email attaching a letter assigning the FOIA

Submission a completely new tracking number, 18-15814-F, and notifying NSLDN that the VA

would "begin the search for records responsive to your request." A true and correct copy of that

letter is attached hereto as Exhibit 8.

19.     On June 19, 2018, having received no further correspondence related to this matter

from the VA, NSLDN emailed the VA for a status update regarding the FOIA Submission. A true

and correct copy of that email is attached as Exhibit 9.

20.     On July 17, 2018, NSLDN received an email from the VA subject "zzz 10.2 upgrade

test," stating that attached was a duplicate final response letter following a hard copy which had

previously been sent. There was no attachment and NSLDN had received no hard copy final

response letter. On that same day NSLDN replied to the VA's email requesting clarification as well

as notifying the VA that no attachment and no hard copy had been received. A true and correct copy

of those emails is attached as Exhibit 10.

21.     On July 18, 2018, NSLDN sent an additional email to the VA clarifying that "a 'final

response letter' [was not received] nor was anything attached to your email." A true and correct

copy of that email is attached as Exhibit 11.

22.     On July 24, 2018, having received no response from the VA, NSLDN again emailed

the VA reiterating that NSLDN had not received any documents and providing both tracking

numbers assigned to the matter. Gwendolyn Smith responded that she would confirm if the letter

was mailed and get back to NSLDN. A true and correct copy of those emails is attached as Exhibit 12.

23.     On July 30, 2018, having received no further communications from the VA, NSLDN emailed Ms. Smith again requesting an update on the status of the March 6, 2018 FOIA request and requesting a response by August 1, 2018. A true and correct copy of that email is attached as Exhibit 13.

24.     As of the filing of this Complaint, NSLDN has not received a response to the July 24, 2018 from the VA.

25.     The VA has not released any document(s) responsive to NSLDN's FOIA request.

26.     As of the filing of this Complaint, NSLDN has also not received a final response to its FOIA Submission.

### Exhaustion of Administrative Remedies

27.     The VA has failed to (a) notify NSLDN of a final determination regarding the FOIA Submission, including the scope of any responsive records the VA intends to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

28.     Through the VA's failure to respond to the FOIA Submission within the time period required by law, NSLDN has constructively exhausted its administrative remedies and seeks judicial review.

**COUNT I**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Search for Responsive Records with respect to**
**NSLDN's FOIA Submission**

29.     NSLDN repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

30.     Through the FOIA Submission, NSLDN properly requested records within the possession, custody, and control of the VA.

31.     The VA is an agency subject to FOIA and it must, therefore, make reasonable efforts to search for requested records.

32.     The VA has failed to promptly review agency records for the purpose of locating those records that are responsive to the FOIA Submission.

33.     The VA's failure to conduct adequate searches for responsive records violates FOIA.

34.     NSLDN is therefore entitled to declaratory and injunctive relief requiring the VA to promptly make reasonable efforts to search for records responsive to the FOIA Submission.

**COUNT II**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Records with respect to**
**NSLDN's FOIA Submission**

35.     NSLDN repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

36.     Through the FOIA Submission, NSLDN properly requested records within the possession, custody, and control of the VA.

37.     The VA is an agency subject to FOIA and must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

38.     The VA is wrongfully withholding non-exempt records requested by NSLDN by failing to produce records responsive to the FOIA Submission.

39.     The VA's failure to provide all non-exempt responsive records violates FOIA.

40.     NSLDN is therefore entitled to declaratory and injunctive relief requiring the VA to promptly produce all non-exempt records responsive to the FOIA Submission and provide an index justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

WHEREFORE, NSLDN respectfully requests the Court to:

(1)     Order the VA to conduct a search or searches reasonably calculated to uncover all records responsive to NSLDN's FOIA request;

(2)     Order the VA to produce, by such date as the Court deems appropriate, any and all non-exempt records responsive to NSLDN's FOIA request and an index justifying the withholding of any responsive records withheld under claim of exemption;

(3)     Enjoin the VA from continuing to withhold any and all non-exempt records responsive to NSLDN's FOIA request;

(4)     Award NSLDN attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); *and*

(5)     Grant NSLDN such other relief as the Court deems just and proper.

Respectfully Submitted,

*/s Martha U. Fulford*
Martha U. Fulford (D.C. Bar 1011954)
National Student Legal Defense Network
1015 15th Street N.W., Suite 600
Washington, D.C. 20005
martha@nsldn.org
(202) 734-7495

Dated:  August 3, 2018